Brown, Russell and Russell, agt. Spear and Butler.

---

## SUPREME COURT.

BROWN, RUSSELL and RUSSELL, agt. SPEAR and BUTLER.

Where an answer merely denies the facts set up in the complaint, and contains no statement of new matter, constituting a defence, the plaintiff is not bound to reply thereto.

The defendant can not in such case move for judgment for want of a reply; but his remedy is to notice the cause for trial.

*Essex Special Term, July* 1850. This is a motion made by the defendants for judgment against the plaintiffs, upon the defendants' answer, for want of a reply.

The action was brought under the Code to recover a lot of

land in Legges patent and was commenced in February 1849. On the 26th May 1849, the answer was served. The plaintiffs have never replied to the answer. On the contrary they amended their complaint by striking out the names of David Russell and James Brown. (See opinion in Russell agt. Spear and Butler, *ante page* 142).

The defendants insist that they are entitled to judgment for want of a reply.

—— BUTLER, *for the Motion.*

J. TARBELL, *Contra.*

WILLARD, Justice.—By section 154 of the Code, it is provided that if the answer contain a statement of new matter, constituting a defence, and the plaintiff fails to reply or demur thereto, within the time prescribed by law, the defendant may move, on a notice of not less than ten days, for such judgment as he is entitled to upon such statement, and if the case require it, a writ of inquiry of damages may be issued. All the papers needed for such motion are the summons, complaint and answer and the notice of motion. The motion clearly relates only to a case, where the answer relies on new matter, which constitutes a defence. That is not this case. The defendants interposed an answer denying the whole case of the plaintiffs. In short, the answer amounted only to the old general issue. The additional matter stated, constitutes no defence, and required no reply. It may all be true, and the defendants be mere squatters.

The defendants have mistaken their remedy; they should have noticed the cause for trial.

The motion must be denied with seven dollars costs.